IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01061-BNB

CALVIN LA BERRY POWELL,

    Applicant,

v.

BRIGHAM SLOAN, Warden, Bent County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 4 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Calvin La Berry Powell, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Powell initiated this action by filing, on April 29, 2010, a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 97-CR-689 in the District Court of Adams County, Colorado. On May 28, 2010, Mr. Powell filed an Amended Application for a Writ of Habeas Corpus Pursuant on 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*.

In an order entered on June 15, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A). On June 24, 2010, Respondents filed a Pre-Answer Response. Mr. Powell submitted a Reply on July 19, 2010.

On July 27, 2010, Magistrate Judge Boland determined that the Pre-Answer Response was deficient because Respondents failed to submit as exhibits all relevant portions of the state court record. In particular, Respondents failed to submit the State Court Register of Actions for Adams County District Court Case No. 97-CR-689. Accordingly, Magistrate Judge Boland ordered Respondents to supplement the Pre-Answer Response and provide the requested documentation. After receiving an extension of time, Respondents filed a Supplement to the Pre-Answer Response on August 19, 2010.

The Court must construe liberally the Amended Application filed by Mr. Powell because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On March 6, 1998, a jury found Mr. Powell guilty of two counts of sexual assault on a child. Pre-Answer Supp. Ex. H at p. 10 (State Register of Actions). On May 8, 1998, the trial court sentenced Mr. Powell to 16 years in the Department of Corrections. *Id.*

Mr. Powell then filed a direct appeal to the Colorado Court of Appeals (CCA). *Id.* at 12. The CCA affirmed his conviction on January 8, 2001. *See id.* at 10. Mr. Powell

petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on May 8, 2001. *Id.*

On July 30, 2001, Mr. Powell filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). *Id.* On March 4, 2010, the trial court appointed post-conviction counsel to represent Mr. Powell. *Id.* at 8. Mr. Powell's post-conviction counsel filed a new Rule 35(c) motion on May 30, 2002. *Id.* After a hearing on the Rule 35(c) motion, the trial court denied the motion on January 10, 2003. *Id.* at 7. Mr. Powell filed an appeal, and the CCA affirmed the trial court on March 31, 2005. *See People v. Powell*, No. 03CA0580 (Colo. App. March 31, 2005) (unpublished opinion) (Pre-Answer Resp. at Ex. D). The CSC denied certiorari review on October 24, 2005. Pre-Answer Resp. at Ex. F.

Mr. Powell filed a Motion to Correct Illegal Sentence pursuant to Rule 35(a) on December 21, 2005, which the trial court denied on January 4, 2006. Pre-Answer Supp. at Ex. H, p. 5. Mr. Powell did not file a notice of appeal.

Mr. Powell filed a Motion to Vacate or Set Aside Judgment of Conviction pursuant Rule 35(c) on June 17, 2009, which the trial court denied on June 17, 2009. *Id.* at 4. Mr. Powell did not file a notice of appeal.

Mr. Powell then filed the instant action, which was received by the Court on April 29, 2010.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

> to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Powell's criminal case became final. Because Mr. Powell filed a direct appeal, his conviction became final ninety days after May 8, 2001, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Powell's conviction became final on August 6, 2001. As such, the one-year statute of limitations began to run on August 7,

2001, the next business day after the conclusion of the time to appeal. *See, e.g.,* *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Powell's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were pending motions in Mr. Powell's state court action between July 31,

5

2001 and October 24, 2005, when the CSC denied certiorari review for his Rule 35(c) motion. Pre-Answer Resp. at Ex. F. Therefore, the limitation period began to run on October 25, 2005. There were no pending motions in Mr. Powell's state court action between October 25, 2005 and December 20, 2005. *See* Pre-Answer Supp. Ex. H at p. 5. These **57** days are credited against the one-year limitation period.

Mr. Powell filed a Motion to Correct Illegal Sentence pursuant to Rule 35(a) on December 21, 2005, which the trial court denied on January 4, 2006. Pre-Answer Supp. at Ex. H, p. 5. Mr. Powell then had 45 days, or until February 20, 2006, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA.[1] *See* Colo. App. R. 4(b). Mr. Powell did not file an appeal.

Accordingly, the one-year limitation period began running again on February 21, 2006 and ran for **308** days until it expired on December 26, 2006, the 365th day after the limitation period began to run (**57 days + 308 days = 365 days**). Because the one-year limitation period expired before Mr. Powell filed his next Rule 35(c) motion on June 17, 2009, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

The Court finds that the limitation period expired approximately three years and four months prior to the filing of the Application on April 29, 2010. Therefore, the

---

[1] The forty-fifth day after January 4, 2006, was February 18, 2006. However, February 18, 2006, was a Saturday. Therefore, the filing deadline extended until February 20, 2006. *See* C.A.R. 26(a).

instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Powell bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Powell fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Powell has exhausted his state court remedies. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  24th  day of  August , 2010.

BY THE COURT:


 s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge, for  
ZITA LEESON WEINSHIENK, Senior Judge  
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01061-BNB

Calvin La Berry Powell
Prisoner No. 63747
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  8/24/10 

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk